UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

In the matter of the search of a 2017 Black Dodge Charger, VIN 2C3CDXCT8HH524377

2:19-mj-00365-MDC-1

**ORDER DENYING PETITION FOR RETURN OF PROPERTY (ECF No. 1) AND UNSEALING THIS CASE**

Defendant Oluwole Adegboruwa filed this *Petition for Return of Property Pursuant to Fed. R. Crim. P 41(g)("Petition") (ECF No. 1)*. The Court DENIES the Petition.

# I. BACKGROUND

This case pertains to a seizure of property related to a search warrant. Defendant filed the Petition pro se. The Court issued an Order to Show Cause ("OSC") and the Federal Public Defender declined to request being appointed at this time. *ECF No. 7*. The government argues in its response to the OSC that the defendant's case is being prosecuted in Utah, and that the government has retained the property in question pending resolution of the defendant's appeal. *ECF No. 5 at 3*. The government also argues that the defendant cannot show that the property was illegally seized. *Id*. The government also does not oppose unsealing this case and attached a redacted version of the warrant to its response. *Id.* at 9. The government does not address the case law or whether the defendant filed this petition in the proper case.

# II. DISCUSSION

   a. **Legal Standard**

A "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). The motion "must be filed in the district where the property was seized." *Id.* In Rule 41(g) cases brought outside a criminal proceeding,

1

such as here, the motion is "treated . . . as a civil complaint governed by the Federal Rules of Civil Procedure." *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008). "[T]he motion is treated as a petition for civil equitable relief." *Omidi v. United States*, 851 F.3d 859, 862–63 (9th Cir. 2017) (citations omitted).

The Court finds that the defendant's petition in this case is improper for multiple reasons. First, given his pending appeal, defendant's petition is not ripe. Second, the Court finds that the defendant has not properly filed this petition here in this search warrant case. Upon completion of the defendant's appeal, it appears that the government intends to return the property. If the government does not return the property, the defendant should not refile his petition in this closed search warrant case, but instead should initiate a new civil action.

**IT IS ORDERED that:**

1. Defendant's *Petition for Return of Property Pursuant to Fed. R. Crim. P 41(g)* (ECF No. 1) DENIED.

2. The Court orders that this case be UNSEALED.

DATED: April 23, 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**[1]

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and

---

[1] This case is a search warrant case so no district judge is assigned. Given plaintiff's pro se status, he may request to have a district judge assigned should she choose to object to this Order.

recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**